IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRICK COOK-BEY, # 174 046, <br> A/K/A Kendrick Cook, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL STRICKLAND, WARDEN, <br> *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:16-CV-520-WKW <br> )                         [WO] <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. He files this *pro se* 42 U.S.C. § 1983 action challenging interference or delay with the receipt of his mail by Defendants Commissioner Jefferson Dunn, Warden Michael Strickland, and Lieutenant Jackson.[1] Doc. 9. Upon review, the court concludes that dismissal of the amended complaint against Defendants Dunn and Strickland prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

### I. DISCUSSION

**A.      Commissioner Dunn**

Plaintiff names Commissioner Dunn as a defendant but makes no allegations against this

---

[1] In accordance with the prior proceedings and orders of the court, this matter is before the undersigned on Plaintiff's amended complaint filed October 24, 2016. *See* Docs. 7 & 9.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

individual. To the extent Commissioner Dunn is named as a defendant based on his supervisory position, supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (holding that 42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation"); *Kilgo v. Ricks*, 983 F.2d 189, 194 (11th Cir. 1993) (holding the prison commissioner's dismissal was proper because no personal involvement or policy by the department was alleged). Moreover, other than naming Commissioner Dunn in the caption of his complaint, Plaintiff makes no allegations against him nor does he indicate this defendant was personally involved in the constitutional violations about which he complains. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed *pro se* complaint that was silent as to a defendant except for his name appearing in caption). Accordingly, the court finds that Plaintiff's complaint against Defendant Dunn is subject to dismissal on this basis as well. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Warden Strickland**

Plaintiff states that on May 19, 2016 he wrote to Warden Strickland regarding a delay he experienced in receiving his mail. Plaintiff's amended complaint provides no other factual allegations or claims against this defendant. Doc. 9 at 3.

Two elements are essential to sustaining an action under § 1983. Specifically, a plaintiff

must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  To state a claim, a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been violated. *Paul v. Davis*, 424 U.S. 693, 696–97 (1976). Where no underlying constitutional right exists, a § 1983 claim will not lie. *Wideman v. Shallowford Comm. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Plaintiff's allegations regarding Warden Strickland fail to identify the infringement of any constitutional right to which Plaintiff is entitled.

To the extent Plaintiff names Warden Strickland as a defendant based on a theory of *respondeat superior*, as explained above, a § 1983 action will not support a claim under this theory. *Iqbal*, 556 U.S. at 676; *Belcher*, 30 F.3d at 1396.  The *Iqbal* Court clarified that a government official sued in his or her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of some general connection to allegedly responsible individuals or actions. *Iqbal*, 556 U.S. at 676–77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution . . . ."); *see Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted).  Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken

by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

Here, there is no indication by Plaintiff of any facts showing purposeful personal involvement in any manner by Warden Strickland. Plaintiff has not alleged this defendant participated in or directed any of the misconduct about which he complains. Without personal involvement, Warden Strickland may not be held liable. *See Iqbal*, 556 U.S. at 676.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 amended complaint against Defendants Commissioner Jefferson Dunn and Warden Michael Strickland be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendants Commissioner Jefferson Dunn and Warden Michael Strickland be DISMISSED as parties to the amended complaint;

3. This case be referred to the undersigned for further proceedings.

It is further ORDERED that **on or before November 15, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

 DONE on this 1st day of November, 2016.

            /s/ Gray M. Borden
            UNITED STATES MAGISTRATE JUDGE