IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRICK COOK-BEY, ) | |
| AIS #174046, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-520-WKW |
| ) | [WO] |
| MICHAEL STRICKLAND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

On November 1, 2016, the Magistrate Judge filed a Recommendation in this case. (Doc. # 14.) Plaintiff Kendrick Cook-Bey filed objections to the recommendation on December 16, 2016. (Doc. # 21.) The recommendation is due to be ADOPTED with some elaboration.

Plaintiff is a *pro se* inmate in the custody of the Alabama Department of Corrections. After he filed a handwritten complaint detailing the allegations he thought formed the basis of his constitutional claim (Doc. # 1), the court ordered Plaintiff to file an amended complaint using a court-provided form (Doc. # 7). The purpose of the amended complaint was for him to name "as defendants only those individuals he contends are personally responsible for the alleged violations of his

constitutional rights" and to "specifically describe[]" how each defendant contributed to the violation. (Doc. # 7.)

It appears Mr. Cook-Bey did not understand that the Amended Complaint would replace, not supplement, his original complaint. At the top of the facts portion of his Amended Complaint, he notes "insufficient room." (Doc. # 9, at 3.) But, rather than attaching a longer facts section to the form complaint, he attempts to incorporate by reference the facts of his previous complaint, writing "See Affidavit of Fact (6 pages filed, certificate of service June 21, 2016)." (Doc. # 9, at 3.) His original complaint was filed as a six-page document, which includes a certificate of service dated June 21, 2016. (Doc. # 1.) In view of these facts, it appears that Plaintiff intended for the facts section of his original complaint to be included as part of his Amended Complaint.

The Recommendation (Doc. # 14) evaluates Plaintiff's Amended Complaint, without considering the factual allegations presented in the original complaint. Because *pro se* filings must be construed liberally, *Bellizia v. Fla. Dep't of Corrs.*, 614 F.3d 1326, 1329 (11th Cir. 2010), the court also will consider the allegations set forth in Plaintiff's initial complaint when evaluating his claims. Nevertheless, in accordance with the Recommendation, Plaintiff's claims against Commissioner Dunn and Warden Strickland are due to be dismissed.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant caused him or her to be subjected to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Supervisory officials can be liable for the conduct of subordinates under § 1983 "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). This causation requirement precludes claims based merely on a theory of vicarious liability. *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006). But, this circuit has held that a supervisor's conduct causes the deprivation when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so. *Matthews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007); *Cottone*, 326 F.3d at 1360.

Defendants Warden Michael Strickland and Commissioner Jefferson Dunn are being sued because of actions taken in their respective roles as supervisory officials. Plaintiff's claim against Warden Strickland is based on the Warden's

"failure to act . . . [a]fter being notified of violations of claimant's rights." (Doc. # 1, at 3.)  Similarly, his claim against Commissioner Dunn is based on the Commissioner's "deliberately ignoring the several communications (good faith attempts, notices, letters, etc.) from the claimant and his legal advocate." (Doc. # 1, at 3.)  These allegations do not establish that there was a history of widespread abuse or that either defendant was deliberately indifferent to constitutional violations.  And they do not support the inference that either defendant directed subordinates to act unlawfully or failed to prevent them from doing so.

Accordingly, it is ORDERED that:

(1) The Recommendation is ADOPTED;

(2) Plaintiff's § 1983 claim against Defendants Commissioner Jefferson Dunn and Warden Michael Strickland are DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and

(3) The Clerk of the Court is directed to terminate Defendants Commissioner Jefferson Dunn and Warden Michael Strickland as parties.

This action is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 21st day of December, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
